Indust. Com. v. Monroe. OA. 6 Abs. 215; 27 Oh. Ap. 169★; 161 NE. 31.

Indust. Com. v. Trepsansky. OS. No. 21206, 6 Abs. 389.

International Un. of Steam Op. Eng. v. Owens. OS. No. 20843, 5 Abs. 797; 6 Abs. 13, rev. 6 Abs. 389.

Johnson v. Uprite Mfg. Co. OS. No. 21168, 6 Abs. 341, MCO. 6 Abs. 389; 27 Oh. Ap. 173★; 161 NE. 26.

Joyce v. State. OA. 6 Abs. 58; OS. No. 20977, 6 Abs. 157, 205, rev. 6 Abs. 389.

Kemper et v. Weishahn. OS. No. 21188, 6 Abs. 373, MCO. 389.

Kennedy, Exe. v. Walcutt. OS. No. 20747, 5 Abs. 604; 765; aff. 6 Abs. 205, Syl. 206; 118 Oh. Sp. 442★; 161 NE. 336.

Ketterning v. Kettering. OS. No. 21142, 6 Abs. 325, MCO. 389.

Kindall v. Pure Oil Co. OS. No. 21207, 6 Abs. 389.

Klivans v. Richards. OS. No. 21095, ·6 Abs. 275, 357, set. 389.

Lake Shore Elect. Ry. Co. v. P. U. C. OS. No. 20953, 6 Abs. 125, rev. 270, Syl. 270; 118 OS. 173★; 161 NE. 282.

Lake Shore Elect. Ry. Co. v. P. U. C. OS. No. 21056, 6 Abs. 237, aff. 389.

Lamneck v. Bailey et. OS. No. 21163, 6 Abs. 341, MCO. 389.

Lembright v. Aetna life Ins. Co. OS. No. 21138, 6 Abs. 309, MCO. 389.

Lewis v. Land Title Abs. & Tr. Co. OS. No. 21203, 6 Abs. 389.

Leydorf et v. Leydorf. OS. No. 21210, 6 Abs. 389.

Ligenfelter v. Ligenfelter. OS. No. 21087, 6 Abs. 269, MCO. 389.

Louisv. & N. R. R. Co. v. Riley et. OA. 6 Abs. 375; 27 Oh. Ap. 188★; 160 NE. 730.

Lowenville (Vil.) v. East End Tract. Co. OS. No. 21224, 6 Abs. 389.

Marion Steam Shovel Co. v. Col. D. & M. Elect. Co. OS. No. 21176, 6 Abs. 357, MCO. 389.

McDowell v. State. OS. No. 21179, 6 Abs. 357, 389.

Merryweather v. Cleve. Elect. Illum. Co. OS. No. 21231, 6 Abs. 389.

Minglewood Coal & Ice Co. v. Carson, Admr., etc. OS. No. 21197, 6 Abs. 389, MCO. 389.

Moore et v. Hill Crest Cemetery Assn. OS. No. 21232, 6 Abs. 389.

Moore v. State. OA. 6 Abs. 252; OS. No. 20965, 6 Abs. 141, 173, rev. 325; Syl. 326; 118 Oh. St. 487★.

Mulholland v. State. OS. No. 20989, 6 Abs. 157, MCO. 253, dis. 373.

National Shuttle Valve Motors Co. v. Ohio State Bk. & Tr. OS. No. 21171, 6 Abs. 375, MCO. 389.

Neiding, Admr. v. Buckley, Admr. OS. No. 21148; 6 Abs. 325, MCO. 389.

Netzel v. Tood. OA. 5 Abs. 101; OS. No. 21136, 6 Abs. 309, MCO. 389; 24 Oh. Ap. 165★.

New Jersey Ins. Co. v. Ballet. OS. No. 21124, 6 Abs. 293, MCO. 389.

Nicora et v. Youngst. Sheet & Tube Co. OS. No. 21126, 6 Abs. 293, MCO. 389.

Nimbs et v. Potter. (S.R.) OA. 5 Abs. 372.

Norfolk & West. Rd. Co. v. Gale, et. OS. No. 20897, 6 Abs. 77, 93, rev. 389.

Norris Allister Ball Co. v. Miller. OS. No 21214, 6 Abs. 389.

Nutt v. Drury. OS. No. 21178, 6 Abs. 357, MCO. 389.

(Continued Next Week)

---

## EPITOMIZED OPINIONS
### Published only in the Abstract

UNION SAVINGS & LOAN CO. v. EMAY REALTY CO. (4 Cases)

Ohio Appeals, 8th Dist., Cuyahoga Co.

Nos. 7481, 82, 83, 84. Decided Oct. 24, 1927.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

1228. VENDOR'S LIEN—787. Mortgages—997. Real Estate—953a. Priority.

1. Waiver of mortgage lien and agreement that construction loan mortgage shall be first and best lien upon property, not only waives priority of mortgage, but waives priority of vendor's lien as well. Where evident purpose is to enhance value of real estate, by use of money secured in construction loan, by erecting, thereon, building or buildings, and to permit securing of loan by waiving priority of lien; to permit vendor to defeat purpose of agreement, by claiming vendor's lien, would be highly inequitable, and vendor would be estopped from claiming anything by virtue of vendor's lien or purchase money mortgage, prior to lien of construction mortgage.

2. Where work done prior to filing of purchase money mortgage, is done with knowledge and consent of vendor, vendor's lien shall not be prior to mechanic's lien.

Appeal from Common Pleas.

W. S. Hannon, Cleveland, for Un. Sav. & L. Co.

Beckerman & Felsman; Godfried & Silber; Hauxhurst, Jamison & Sharp; Stanley & Horwitz; Gates & Edgerton, and A. Apple, Cleveland, for Realty Co.

### STATEMENT OF FACTS.

The Bonniewood Development Company was the owner of a tract of land, and prior to the events hereinafter set forth, they entered into a contract with one Sagalovitz, whereby Sagalovitz became the purchaser of the three lots of land in question, together with other lots in the said allotment owned by this Development Company.

The Bonniewood Development Company executed a deed and the Savings and Loan Company took a mortgage from the purchaser. At the same time a purchase money mortgage was taken by the Development Company on each of the several lots of land, all the papers being in the hands of Mr. Grigor, as escrow.

In pursuance of the arrangement and agreement, Mr. Rovner acting for the Bonniewood Development Company, waived the priority of liens and consented that the Savings and Loan Company's mortgage should be the first and best lien on the property, and at the same time concealed from Mr. Grigor that certain work had been done on the property.

Under the arrangement between Mr. Grigor for the Union Savings and Loan Company and Mr. Rovner for the Bonniewood Development Company, Fifteen Hundred Dollars of the money out of the construction loan was to be given to the Bonniewood Development Company as a part of the purchase price for said lots, and the balance was secured by a mortgage which was postponed to the lien of the Savings and Loan Company.

Sagalovitz did not pay all that should have been paid, and a suit was brought to foreclose and marshal the liens.

VICKERY, J.

It is conceded by The Union Savings and Loan Company that inasmuch as—notwithstanding the representations made to Grigor that nothing had been done—, something had been done by the materialmen on the property before the transfer of the property, therefore Section 8310 of the General Code provides in substance that where work and material has been done upon a piece of real estate for one who had an equitable or other interest in the property, who afterwards becomes the legal owner, that the lien shall attach from the time the work was first done upon the property, and in this case the lien of the materialmen antedated the making of the mortgage to The Union Savings and Loan Company, for the property upon which this work was done afterwards became the property of Savalovitz and, therefore, under the statute, the liens of materialmen and laborers who perfected their liens, dated from the date the work was done. that is, prior to the filing of the mortgage of The Union Savings and Loan Company.

Now while it was admitted in argument and statements of counsel that in so far as the purchase money mortgage was concerned the Development Company had waived priority and were postponed to the mortgage of The Union Savings and Loan Company, they claim that they did not waive the vendor's lien.

We have decided recently in a case exactly similar to this in that respect, the case of The Union Mortgage Company vs. Roberts and others, that a construction loan, shared in by the owners of the property, and the waiver of the mortgage lien, and an agreement that the construction loan mortgage should be a first and best lien upon the property, not only waived the priority of mortgage, but waived a priority of vendor's lien as well, and we think that doctrine applies with much more force in this case, because in the Roberts case there was no written waiver, but an agreement to waive, and this court held that the vendor was estopped from asserting a vendor's lien under the circumstances.

In this case there was a distinct waiver and an agreement, and further than that, out of the money that was realized from these loans, Fifteen Hundred Dollars was paid on each lot, thereby clearly showing that the vendor waived the priority not only as to the purchase money mortgage, but to the vendor's lien as well. On the question as to whether or not the waiving of a purchase money mortgage would not waive the vendor's lien as well, the evident purpose in this case and similar cases, we take it was to enhance the value of the real estate by the use of money secured in a construction loan, by erecting thereon a building or buildings, and to permit the vendor to succeed in getting a loan upon this property by waiving a priority of lien, and then to permit him to defeat the very purpose of his agreement by claiming the vendor's lien would be highly inequitable, and we doubt if any case can be found where the courts have permitted that. The vendor is estopped from claiming anything by virtue of a vendor's lien or a purchase money mortgage prior to the mortgage of The Union Savings and Loan Company in this case.

Now it is claimed that even if this doctrine be true, there was no waiver of the vendor's lien against the mechanics' lien, and that therefore the mechanics' liens would be postponed to the vendor's lien, and then we would have a situation where the mechanic's lien was ahead of The Union Savings and Loan Company's mortgage, because of their having done work prior to the execution of the mortgage, and that because of the waiver by the vendor of the purchase money mortgage which we hold would carry with it the vendor's lien, The Union Savings and Loan Company's mortgage is ahead of the vendor's purchase money mortgage and lien, but that inasmuch as the vendor's lien is not waived as to the mechanics' liens, we have a triangular situation, and that the vendor's lien is ahead of the mechanic's liens, and it makes a complication.

We do not agree with the proposition in this case. Generally speaking that is true. It is argued it would not make any difference, however, that might be determined, but we think the record in this case shows that in so far as the vendor was concerned, that is the work when commenced was done with the knowledge and consent of the Development Company's agents, and really was permitted and indulged in by the agent of the Development Company, and that to permit the Development Company to have that property enriched with their own knowledge and consent in this way, and then to have their vendor's lien come in ahead and defeat the mechanic's lien, is not either equitable or right. We, therefore, have no hesitancy in coming to the conclusion that in the instant case the proper way to marshal the liens on this property is as follows:

First: Mechanics' liens.

Second: The construction mortgage of The Union Savings and Loan Company.

Third: The amount due upon the purchase money mortgage of the Development Company.

If there is anything over and above that it shall go to Sagalovitz.

(Sullivan, PJ., and Levine, J., concur.)